FILED
July 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002770110

9
ESTELA O. PINO, SBN 112975
DAVID A. HAYNES, SBN 264688
**PINO & ASSOCIATES**
800 Howe Ave., Suite 420
Sacramento, California 95825
Telephone: (916) 641-2288
Facsimile: (916) 641-1888

Attorneys for Jaeheon Myoung and Sunhee Myoung, Debtors

THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>JAEHEON MYOUNG AND SUNHEE MYOUNG,<br><br>Debtors. | Case No. 10-37861-C-7<br><br>DCN: P&A - 2<br><br>**MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON PROPERTY**<br><br>Date: July 14, 2010<br>Time: 10:00 A.M.<br>Dept: C<br>Courtroom: 35<br>Location: Robert T. Matsui United States Courthouse, 501 I Street, Sixth Floor Sacramento, CA 95814<br><br>Judge: Christopher M. Klein |

Jaeheon Myoung and Sunhee Myoung (hereinafter referred to as "Mr. and Mrs. Myoung") do hereby respectfully allege as follows in support of the within Motion to Compel the Chapter 7 Trustee to Abandon Property (hereinafter referred to as the "Motion"):

## STATEMENT OF FACTS

1.     Mr. and Mrs. Myoung filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code on July 8, 2010 thereby initiating the instant Chapter 7 case. Concurrently, Mr. and Mrs. Myoung filed

1 Schedules A through J, the Statement of Financial Affairs, Chapter 7
2 Individual Debtor's Statement of Intention, and other documents required by
3 the Bankruptcy Code and the Bankruptcy Rules.

4    2.    On July 8, 2010, Mr. and Mrs. Myoung filed Schedule B - Personal
5 Property (hereinafter referred to as "Schedule B") and the Schedule G -
6 Executory Contracts and Unexpired Leases (hereinafter referred to as
7 "Schedule G"), in connection with the Chapter 7 case.   It is respectfully
8 requested that this Court take judicial notice of Schedule B and the Schedule
9 G, both of which are located within item number 1 on the docket for the
10 above-referenced case. True and correct copies of Schedules B and G are
11 attached as **Exhibits 1 and 3**, respectively, to the Separate List of Exhibits
12 filed concurrently herewith.

13    3.    Mr. and Mrs. Myoung own and operate a dry cleaning business as
14 a sole proprietorship under the fictitious business name, Prairie City Cleaners.
15 The business is located at 1870 Prairie City Road, Suite 100 Folsom, CA.

16    4.    Prairie City Cleaners is operated out of leased premises.  Mr. and
17 Mrs. Myoung's **only source of income** is through the operation of Prairie City
18 Cleaners.[1]

19    5.    Mr. and Mrs. Myoung intend to retain and continue to operate
20 Prairie City Cleaners.

21    6.    Within Schedule B, Mr. and Mrs. Myoung disclosed the following
22 business-related property:

23    •    Cash on hand: $100.00 - Prairie City Cleaners

24

---

25    [1]    Mr. and Mrs. Myoung also operated another dry cleaning plant and
26 business called Greenback Square Cleaners, however, this business has
been shut down and is no longer being operated.

- Wells Fargo Bank Checking account ending 5388 - Prairie City Cleaners - $340.42
- Wells Fargo Bank Checking account ending 9549 - Prairie City Cleaners - $100.00
- Security deposit to AT&T for Prairie City Cleaners - $80.00
- Security deposit to Regency Realty for Prairie City Cleaners - $3,095.00
- Security deposit to SMUD for Prairie City Cleaners - $100.00
- Microwave - Prairie City Cleaners - $10.00
- Refrigerator - Prairie City Cleaners - $20.00
- Prairie City Cleaners accounts receivable - $10,173.98
- United Merchant Services Account - $500.00
- 1999 GMC Safari - $3,000.00
- 2 credit card machines - $50.00
- Baker's rack - $15.00
- Poly-bag holder - $20.00
- Small unassembled clothing rack - $15.00
- Z rack for moving clothes - $10.00
- 2 Conveyors for dry cleaning service - Prairie City Cleaners - $3,000.00
- 2 Surveillance cameras and TV monitor - $300.00
- 4 Counters used for business - Prairie City Cleaners - $2,000.00
- Computer used in business - Prairie City Cleaners - $200.00
- 8 small clothing racks - $80.00
- Tools and equipment used for business - Prairie City Cleaners - $400.00

7.     Within the Schedule G, Mr. and Mrs. Myoung disclosed a lease for the Prairie City Cleaners business premises ending March 30, 2011 with Regency Realty. The current lease is on a five year extension which ends in approximately nine (9) months.

8.     It is respectfully submitted that the lease contributes little value to the estate due to its short remaining duration and it is unlikely that any third party would pay a dividend to assume the lease, particularly considering the amount of commercial property for lease in the current market.

9.     On July 8, 2010 Mr. and Mrs. Myoung also filed Schedule C - Property Claimed as Exempt (hereinafter referred to as "Schedule C"). It is respectfully requested that this Court take judicial notice of Schedule C, which is located within item number 1 on the docket for the above-referenced case. A true and correct copy of Schedule C is attached as **Exhibit 2** to the Separate List of Exhibits filed concurrently herewith.

10.     Within Schedule C, Mr. and Mrs. Myoung claimed exempt all of the aforementioned business-related property pursuant to California Code of Civil Procedure section 703.104 as follows:

- Cash on hand: $100.00 - Prairie City Cleaners (section 703.140(b)(5))

- Wells Fargo Bank Checking account ending 5388 - Prairie City Cleaners - $340.42 (section 703.140(b)(5))

- Wells Fargo Bank Checking account ending 9549 - Prairie City Cleaners - $100.00 (section 703.140(b)(5))

- Security deposit to AT&T for Prairie City Cleaners - $80.00 (section 703.140(b)(5))

- Security deposit to Regency Realty for Prairie City Cleaners -

$3,095.00 (section 703.140(b)(5))

- Security deposit to SMUD for Prairie City Cleaners - $100.00 (section 703.140(b)(5))

- Microwave - Prairie City Cleaners - $10.00 (section 703.140(b)(3))

- Refrigerator - Prairie City Cleaners - $20.00 (section 703.140(b)(3))

- Prairie City Cleaners accounts receivable - $10,173.98 (section 703.140(b)(5))

- United Merchant Services Account - $500.00 (section 703.140(b)(5))

- 1999 GMC Safari - $3,000.00 (section 703.140(b)(2))

- 2 credit card machines - $50.00 (section 703.140(b)(5))

- Baker's rack - $15.00 (section 703.140(b)(5))

- Poly-bag holder - $20.00 (section 703.140(b)(5))

- Small unassembled clothing rack - $15.00 (section 703.140(b)(5))

- Z rack for moving clothes - $10.00 (section 703.140(b)(5))

- 2 Conveyors for dry cleaning service - Prairie City Cleaners - $3,000.00 (section 703.140(b)(5) and (b)(6))

- 2 Surveillance cameras and TV monitor - $300.00 (section 703.140(b)(5))

- 4 Counters used for business - Prairie City Cleaners - $2,000.00 (section 703.140(b)(5))

- Computer used in business - Prairie City Cleaners - $200.00

- 8 small clothing racks - $80.00 (section 703.140(b)(5))

- Tools and equipment used for business - Prairie City Cleaners -

1    $400.00 (section 703.140(b)(6))

2   It is respectfully requested that the Court take judicial notice of Schedule C,

3   docket entry number 1.[2]

4       11.   On July 8, 2010, Susan K. Smith was appointed as the Interim

5   Chapter 7 Trustee.

6       12.   It is respectfully submitted that the following assets are of

7   inconsequential value and benefit to the estate:

8   •   Cash on hand: $100.00 - Prairie City Cleaners

9   •   Wells Fargo Bank Checking account ending 5388 - Prairie City

10      Cleaners - $340.42

11  •   Wells Fargo Bank Checking account ending 9549 - Prairie City

12      Cleaners - $100.00

13  •   Security deposit to AT&T for Prairie City Cleaners - $80.00

14  •   Security deposit to Regency Realty for Prairie City Cleaners -

15      $3,095.00

16  •   Security deposit to SMUD for Prairie City Cleaners - $100.00

17  •   Microwave - Prairie City Cleaners - $10.00

18  •   Refrigerator - Prairie City Cleaners - $20.00

19  •   Prairie City Cleaners accounts receivable - $10,173.98

20  •   United Merchant Services Account - $500.00

21  •   1999 GMC Safari - $3,000.00

22  •   2 credit card machines - $50.00

23  •   Baker's rack - $15.00

24  •   Poly-bag holder - $20.00

---

[2]   Mr. and Mrs. Myoung have $4,499.92 unused "wildcard" exemption under
      Section 703.140(b)(5), of the California Code of Civil Procedure.

- Small unassembled clothing rack - $15.00

- Z rack for moving clothes - $10.00

- 2 Conveyors for dry cleaning service - Prairie City Cleaners - $3,000.00

- 2 Surveillance cameras and TV monitor - $300.00

- 4 Counters used for business - Prairie City Cleaners - $2,000.00

- Computer used in business - Prairie City Cleaners - $200.00

- 8 small clothing racks - $80.00

- Tools and equipment used for business - Prairie City Cleaners - $400.00

- Remaining lease for the Prairie City Cleaners business premises ending March 30, 2011 with Regency Realty

(these assets shall hereinafter be collectively referred to as the "Exempt Business Assets").

## ARGUMENT

Pursuant to 11 U.S.C. Section 554(b), entitled "Abandonment of property of the estate,"

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate **or** that is of **inconsequential value and benefit to the estate**. (Emphasis added).

It is respectfully submitted that the Exempt Business Assets are of inconsequential value and benefit to the estate. There is no benefit to the estate in either operating or shutting down Prairie City Cleaners. In fact, such actions would be very costly to the estate.

///

In the case of *U.S. v. Security Indus. Bank*, 459 U.S. 70, 72, fn 1 (1982),

1 | the United States Supreme Court articulated the purpose of exemptions in

2 | bankruptcy:

3 | > The exemptions were designed to permit individual debtors to retain exempt property so that they will be able to enjoy a 'fresh start' after
4 | > bankruptcy.

5 | Prairie City Cleaners, which is operating on the Exempt Business

6 | Assets, is Mr. and Mrs. Myoung's sole means of livelihood. Thus, for Mr. and

7 | Mrs. Myoung to enjoy a "fresh start," they must be permitted to take full

8 | advantage of the exemptions, which they have claimed under California law.

9 | They should be allowed to retain the Exempt Business Assets and continue

10 | to operate their business, ensuring a source of income and the "fresh start"

11 | as envisioned by the Supreme Court.

12 | ///

13 | ///

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 |

## CONCLUSION

**WHEREFORE**, it is respectfully requested that this Court enter an Order as follows:

1)    Compelling the Chapter 7 Trustee to abandon all of the Exempt Business Assets to Mr. and Mrs. Myoung; **and**

2)    For such further relief as is fair, just and equitable and to which Mr. and Mrs. Myoung are entitled, whether or not specifically requested herein.

Dated: July 12, 2010

Respectfully submitted,

**PINO & ASSOCIATES**

By:_____
Estela O. Pino
Attorneys for Jaeheon Myoung and
Sunhee Myoung